FILED
2021 Sep-02  AM 10:32
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **DRAPER F. WOODYARD,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Civil Action Number |
| v. ) | **5:20-CV-02021-AKK-HNJ** |
| ) | |
| **CORIZON MEDICAL SERVICES,** ) | |
| **et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM OPINION

The magistrate judge filed a report on July 23, 2021, recommending that the court dismiss Draper F. Woodyard's *pro se* complaint for failing to comply with the instructions of the court—namely, to submit a signed Prisoner Consent Form.  Doc. 23.  Woodyard filed an objection to the report and recommendation on August 2, 2021.  Doc. 24.

The relevant history of this proceeding is as follows.  On December 16, 2020, Woodyard filed a complaint against Corizon Medical Services and several medical staff working within Limestone Correctional Facility alleging deliberate indifference to his medical needs.  *See* doc. 1.  On January 4, 2021, the court ordered Woodyard to remedy his deficient pleading by either paying the filing fee or applying to proceed *in forma pauperis* to continue his action.  Doc. 3.  Woodyard

filed a motion to proceed *in forma pauperis*, which the court granted on February 17, 2021. Docs. 3, 5. In its order granting Woodyard's motion, the court required him to return a signed Prisoner Consent Form, attached to its order, within 30 days. Doc. 5. Though Woodyard filed several motions over the next 30 days, docs. 6–8, he failed to return a signed consent form. As a result, the court provided Woodyard with another copy of the consent form and granted him an additional 14 days to return it on March 25, 2021. Doc. 9.[1]

However, Woodyard instead filed an interlocutory appeal, potentially and mistakenly construing the court's order as a dismissal of his complaint. Doc. 10 (describing Woodyard's "wish to appeal the dismissal of [his] complaint"). The court subsequently ordered Woodyard to pay an appellate filing fee or apply to proceed *in forma pauperis* on his appeal. Doc. 14. Because Woodyard failed to do so, the court notified the Eleventh Circuit of Woodyard's noncompliance, and the Eleventh Circuit dismissed his appeal for lack of jurisdiction on June 10, 2021. *See* docs. 19, 20. On June 11, 2021, the court gave Woodyard "a final opportunity to submit a signed Prisoner Consent Form" within 14 days, attaching another copy of the form to its order. Doc. 21. Woodyard filed a response but did not include this

---

[1] In this order, the court warned Woodyard that "failure to return the attached Prisoner Consent Form within the time specified may result in the dismissal of this action for want of prosecution." Doc. 9.

form, *see* doc. 22, and so the magistrate judge recommended that his lawsuit be dismissed without prejudice, doc. 23.

In his objection to the magistrate judge's report, Woodyard asserts that the court could have "construe[d] the motion to intervene as [his] express consent to proceed" with the action. Doc. 24 at 4. However, in its Order of March 25, 2021, the court notified Woodyard that his motion to intervene did not satisfy the requirement that he return a signed Prisoner Consent form:

> The plaintiff thereafter filed a motion to intervene, in which he acknowledges that the court ordered him to sign and submit a consent form if he wished to proceed with this action. (Doc. 6 at 1). The plaintiff further states '[t]he Court has informed me that they were in possession of my last submission of certain document.' (Id.). The court is unaware of what the plaintiff is referring to in this case and has not informed him of any such matter. The court has ordered the plaintiff to return the Prisoner Consent Form (Doc. 5), and he has failed to do so. The plaintiff is therefore **ORDERED** to sign and return the attached Prisoner Consent Form to the court within fourteen (14) days of the entry date of this Order.

Doc. 9. Moreover, Woodyard states that he "[doesn't] see the difference" between the consent form the court requires and the application to proceed *in forma pauperis* the court previously granted. Doc. 24 at 5. In short, a successful application to proceed *in forma pauperis* means that the plaintiff does not have to pay an initial partial filing fee. *See* doc. 5 at 1. But the plaintiff still has to pay the full filing fee of $350.00 if he proceeds with his action. *Id.* The Prisoner Consent Form that Woodyard has not returned therefore ensures that the plaintiff wants to proceed with

3

the knowledge that the $350.00 amount will be deducted from his prison or jail trust account in monthly installments. *See id.* at 3 (attached "Prisoner Consent Form"). Because Woodyard still has not returned a signed consent form, the court finds that he remains in noncompliance with the court's orders.

Thus, having carefully reviewed and considered *de novo* the aforementioned materials in the court file, the court concludes that the magistrate judge's Report and Recommendation is due to be adopted and accepted. A separate order will be entered.

**DONE** the 2nd day of September, 2021.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE